O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7599 PSG (Ex) | Date | January 9, 2009 |
|---|---|---|---|
| Title | Anthony Castaneda v. Costco Wholesale Corporation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                                        Not Present

**Proceedings:**    (In Chambers) Order Remanding Case to State Court

I.   BACKGROUND

This is a class action relating to an alleged "consistent policy" implemented by Costco Wholesale Corporation ("Defendant").  Anthony Castaneda ("Plaintiff"), a current employee of Defendant, commenced this action by filing a class action complaint against Defendant in state court, alleging claims for (1) failure to pay wages due; (2) failure to comply with itemized employee wage statement provisions; (3) unfair competition; and, (4) compensation for missed meal and rest periods; and (4).  On November 18, 2008, Defendant removed this case to federal court on the basis of diversity.

On December 18, 2008, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.  Defendant filed a timely response.  However, for the reasons that follow, the Court finds that subject matter jurisdiction is lacking.  Accordingly, the Court REMANDS the case.

II.   LEGAL STANDARD

When a defendant removes a case pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction, the burden is on the defendant to prove that the court has subject matter jurisdiction over the case.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Where the initial pleading does not disclose the citizenship of each party and the amount-in-controversy, the case is not removable unless the defendant can prove these jurisdictional facts.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7599 PSG (Ex) | Date | January 9, 2009 |
|---|---|---|---|
| Title | Anthony Castaneda v. Costco Wholesale Corporation | | |

III.    DISCUSSION

The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). In its response to the Court's OSC ("Response"), Defendant argues that complete diversity exists because Plaintiff is a citizen of California and Defendant, being incorporated under Washington's laws and having its principal place of business is in Washington, is solely a citizen of Washington. However, for the reasons that follow, the Court disagrees with Defendant.

    A.    Defendant Has Not Sufficiently Established Plaintiff's Citizenship

The Court first considers whether Defendant has sufficiently established that Plaintiff is a citizen of California. In support of its position that Plaintiff is a citizen of California, Defendant cites to Paragraphs 13 and 19 of Plaintiff's First Amended Complaint ("*FAC*"). Paragraph 13 provides that Plaintiff "is a person within the Class of persons further described and defined herein." *FAC*, ¶ 13. This Class of persons, according to Paragraph 19, is comprised of "[a]ll persons employed by [Defendant] in any California non-exempt membership warehouse positions between September 29, 2004 and the present." *Id.* at ¶ 13. Defendant reasons that these Paragraphs establish Plaintiff's residency and therefore sufficiently establish Plaintiff's citizenship.

Defendant's reasoning can be rejected for two alternative reasons. First, Defendant improperly links one's state of employment with her state of residency. It may very well be the case that the state where one works is often the state where she resides. However, this Court cannot simply assume, as Defendant implicitly urges the Court to do, that an inextricable link exists between the state where one works and the state where she resides. "Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). Accordingly, this Court will not make unwarranted assumptions when jurisdiction is in dispute.

The second reason why the Court can reject Defendant's reasoning ties into the first reason. Even assuming that the FAC establishes Plaintiff's residency, residency, by itself, does not establish citizenship. 28 U.S.C. § 1332 "speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Accordingly, this Court rejects Defendant's attempt to treat the difference between residency and citizenship as a simple matter of semantics.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7599 PSG (Ex) | Date | January 9, 2009 |
|---|---|---|---|
| Title | Anthony Castaneda v. Costco Wholesale Corporation | | |

B. The Evidence Provided By Defendant Establishes that California Is Its Principal Place of Business

The Court next considers whether Defendant has sufficiently established that it is a citizen of Washington, not California.[1] For the purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990). Courts use one of two tests to determine a corporation's principal place of business. *Id*. at 1092. Under the "place of operations" test, a corporation's principal place of business is the state which "contains a substantial predominance of corporate operations." *Id*. Under the "nerve center" test, the principal place of business is where the majority of the corporation's executive and administrative functions are performed. *Id*. at 1092-92. The Ninth Circuit has instructed that the "nerve center" test should be used only if no state contains a substantial predominance of the corporation's business activities. *Id*. at 1094. To determine whether a corporation's activities substantially predominate in one state, the Court looks to a number of factors, including the location of employees, tangible property, production activities, sources of income, and where sales take place. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Indus. Tectonics*, 912 F.2d at 1094).

1. Employees

Defendant has 106,748 employees in the United States. *Sherwood Decl. ¶ 5.* Of Defendant's 106,748 employees, roughly 32% are employed in California; 11% are employed in Washington; and 3% are employed in Arizona. *Id.* No other state has more than 3% of Defendant's workforce. *Id.* Thus, Defendant employs more of its workforce in California than in any other state.[2]

2. Sales

In the most recent fiscal year end for Defendant, which ended August 31, 2008, Defendant's domestic sales totaled $54,480,912,609. *Id.* at ¶ 3. California sales represented

---

[1] Defendant has sufficiently established that its state of incorporation is Washington.

[2] Defendant urges the Court to view its business activities through a *per capita* lens, as other district courts have done. *See, e.g.*, *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102 (S.D. Cal. 2003); *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163 (N.D. Cal. 2001). However, nothing in *Tosco* or *Industrial Tectonics* mandates a *per capita* approach.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7599 PSG (Ex) | Date | January 9, 2009 |
|---|---|---|---|
| Title | Anthony Castaneda v. Costco Wholesale Corporation | | |

roughly 34% of that figure, followed by Washington at 8%. *Id.* All other states had sales figures that individually represented less than 5% of Defendant's domestic sales. *Id.* Thus, Defendant's sales are greater in California than any other state.

        3.      <u>Assets</u>

As of August 31, 2008, Defendant operated 394 warehouses in the United States. *Id.* at ¶ 7. 28% of these warehouses are located in California, followed by 7% in Washington. No other state has more than 5% of Defendant's warehouses. *Id.* Again, California leads.

        4.      <u>Location of Defendant's Executive & Administrative Functions</u>

Finally, Defendant's executive and administrative functions are primarily located in Washington, which is also where the formulation of corporate policies and procedures takes place. Thus, Defendant's principal executive and administrative functions are "plainly located outside of California." *See Tosco*, 236 F.3d at 502.

        5.      <u>Conclusion</u>

Based on the foregoing, the Court finds that Defendant's principal place of business is in California. Although Defendant's headquarters are located in Washington, California leads all other states in sales, fixed assets, and number of employees. Therefore, California is the state where Defendant "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *See Indus. Tectonics*, 912 F.2d at 1094. Since the Court concludes that Defendant's business activities in California substantially predominate over those in any other state, application of the "nerve center" test is unnecessary.

IV.    <u>CONCLUSION</u>

As Defendant has failed to show that diversity exists and asserts no other basis for this Court's jurisdiction, the Court lacks subject matter jurisdiction over this action. For the foregoing reasons, this case is REMANDED to the state court from which it was removed. *See* 28 U.S.C. § 1447(c).
        **IT IS SO ORDERED.**